**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**CASE NO. 17-CV-20800**

| | |
|---|---|
| ENRIQUE MADRINAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAPAY, INC. and 819 FIFTH | ) |
| STREET CORPORATION a/k/a | ) |
| TAP TAP RESTAURANT, | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**COMPLAINT**

Plaintiff ENRIQUE MADRINAN ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FAC**"), hereby sues Defendants PAPAY, INC. ("**Defendant Papay**") and 819 FIFTH STREET CORPORATION a/k/a TAP TAP RESTAURANT ("**Defendant Tap Tap Restaurant**") (collectively "**Defendants**") for injunctive relief and states:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

2.      This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FAC.

3.      Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4.      Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of Broward County, Florida.

5.      Plaintiff is a qualified individual under the ADA and the FAC because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

6.      Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

7.      Defendant Papay is Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

8.      Defendant Papay is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 819 5th Street, Miami Beach, Florida 33139, Folio No. 02-4203-009-4980 (the "**Subject Premises**" or "**Facility**").

9.      Defendant Tap Tap Restaurant is Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

10.     Defendant Tap Tap Restaurant is the owner, lessee or operator of the restaurant known as Tap Tap Restaurant located on the Subject Premises with the specific address 819 5th St, Miami Beach, FL 33139.

## GENERAL ALLEGATIONS

11.     The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a restaurant.

12.     As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

13.     Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

14.     Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

15.     Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FAC and discriminating against individuals with disabilities.

16.     In or about 2016, Plaintiff visited the Subject Premises to conduct business- i.e. to purchase food at the restaurant- and encountered architectural barriers to access the Subject Premises.

17.     Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA and FAC violations.

18.     Plaintiff was not able to access the main entrance, the bar or the restroom.

19.     Plaintiff intends to return to the Subject Premises once the barriers violating the ADA and the FAC are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

20.     Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FAC, unless the injunctive relief requested herein is granted.

21.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and the FAC by Defendants if said violations are not corrected and made compliant.

22.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

23.     Plaintiff intends to visit the Subject Premises again, not only to purchase food, but to assure himself that the Subject Premises is in compliance with the ADA and the FAC thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

24.     Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FAC because he intends on returning to the Subject Premises in the near future.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

25.     Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

26.     Defendants are in violation of the ADA, ADAAG, and FAC and are discriminating against Plaintiff as a result of the following violations:

### DEFENDANT PAPAY, INC.

#### Access to Main Entrance

a.  There is no accessible route into the facility as steps at the main entrance preclude access.
b.  There is no signage indicating the location of an alternate entrance which may be accessible.

### DEFENDANT TAP TAP RESTAURANT

#### Bar

c.  There is no access to the Bar area due to the presence of steps.
d.  The Bar does not provide a lowered counter.

#### Men's Restroom

e.  The restroom does not provide accessible signage.
f.  The restroom door swings into the required clear floor space and maneuvering clearance.
g.  The restroom does not provide an accessible toilet compartment.
h.  There is no rear grab bar at the commode.
i.  The side wall in not properly mounted and is insufficient in length.
j.  The flush valve at the commode is on the well side.
k.  The lavatory is a pedestal sink with no clearance underneath.
l.  The coat hook is mounted too high.
m.  The stall door is not self-closing.
n.  The toilet paper dispenser is improperly mounted.
o.  There is insufficient clearance between the commode and the facing wall.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

27.     The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FAC violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FAC violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28.     By encountering the discriminatory conditions at Defendants' Facility, and knowing that it would be a futile gesture to return to the restaurant unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the restaurant and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

29.     By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

30.     Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

31.     Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT I—CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants for ADA Violations)

32.     Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

33.     This action arises pursuant to the ADA.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

34.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

35.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

36.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

37.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

38.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants PAPAY, INC. and 819 FIFTH STREET CORPORATION a/k/a TAP TAP RESTAURANT from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT II—CLAIM FOR INJUNCTIVE RELIEF**
**(Against all Defendants for FAC Violations)**

39. Plaintiff re-avers and incorporates paragraphs 1–31 as if fully set forth herein.

40. This is an action for injunctive relief pursuant to FAC.

41. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing FAC violations.

42. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FAC.

43. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

44.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the FAC, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

45.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FAC, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants PAPAY, INC. and 819 FIFTH STREET CORPORATION a/k/a TAP TAP RESTAURANT from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the FAC, ordering Defendants to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of March, 2017.

**[SIGNATURE BLOCK ON NEXT PAGE.]**

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

Respectfully submitted,

By:    s/ Rafael Viego III
        Rafael Viego III, Esq.
        Florida Bar No. 60967
        Mario E. Lopez, Esq.
        Florida Bar No. 980691
        Eric Matthew Rodriguez, Esq.
        Florida Bar. No. 0123057
        **FEDERAL DISABILITY ADVOCATES**
        *Attorneys for Plaintiff*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:    (305) 717-7530
        Facsimile:    (305) 717-7539
        E-mail: rviego@jltrial.com
        E-mail: mlopez@jltrial.com
        E-mail: erodriguez@jltrial.com
        E-mail: eservice@jltrial.com

MEL/RV/lp
0003.017

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW